UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1735 (DSD/JMM)

Travelers Express Company, Inc.,

Plaintiff,

v.

**ORDER**

Cash N Check a/k/a Check N Cash, Phuong Tran a/k/a Phuong Dinh Tran, individually and d/b/a Cash N Check a/k/a Check N Cash; and Thung Nguyen a/k/a Thuy Nguyen, individually and d/b/a Cash N Check, a/k/a Check N Cash,

Defendants,

and

International Business & Mercantile REassurance Company,

Defendant and Cross-Claimant, and Third-Party Plaintiff,

v.

Dung Duc Nguyen,

Third-Party Defendant.

Mark P. Kovalchuk, Esq., and Kovalchuk & Cutshall, 412 Union Plaza, 333 Washington Avenue North, Minneapolis, MN 55401, counsel for plaintiff.

David H. Gregerson, Esq., Craighton T. Boates, Esq., and Lang, Pauly, Gregerson & Rosow, 1600 IBM Park Building, 650 Third Avenue South, Minneapolis, MN 55402, counsel for defendant International Business & Mercantile REassurance Company.

FILED 5-10-01
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. 5-10-01
Deputy Clerk's Initials

This matter is before the court on the motion of International Business & REassurance Company ("International") for summary judgment against cross-defendants Cash N Check a/k/a Check N Cash, Phuong Tran a/k/a Phuong Dinh Tran, individually and d/b/a Cash N Check a/k/a Check N Cash and third-party defendant Dung Duc Nguyen. Based on a review of the file, record, and proceedings herein, the court grants International's motion.

**BACKGROUND**

In January 1999, defendant Cash N Check and its owner Phuong Tran ("Tran") entered into two trust agreements with Travelers Express Company, Inc. ("Travelers") authorizing Cash N Check to issue Travelers Express money orders and money grams at its business in San Jose, California. (Boates Aff., Exhs. 2 and 3.) On September 23, 1999, Cash N Check, Tran and Dung Duc Nguyen ("D. Nguyen") purchased a surety bond from International in the penal sum of $30,000. (Id., Exhs. 4 and 5.) Pursuant to this bond, International became bound to Travelers for any remittances required to be paid by Cash N Check to Travelers pursuant to the trust agreements. In consideration for issuing this bond, Cash N Check, Tran and D. Nguyen agreed to indemnify International and hold International harmless from any and all losses, costs, expenses or fees, including attorney fees, incurred by

International as a result of its issuance of a bond to them. (Id., Exh. 6.)

On April 5, 2000, Travelers submitted a claim against the surety bond based upon a breach of the trust agreements. (Id., Exhs. 1 and 7.) International initially opposed Travelers' claim, but later settled with Travelers and in discharge of its bond obligations, remitted payment to Travelers in the amount of $22,861.05. (Doc. No. 14.) Travelers assigned all its rights against Cash N Check and Phuong Tran to International. (Id.) International now seeks judgment as a matter of law against the Cash N Check, Tran and D. Nguyen (collectively "the indemnitors"), arguing that they are contractually obligated to indemnify International for the losses it has incurred. There has been no response to the summary judgment motion by any of the defendants or the third-party defendant.[1]

**DISCUSSION**

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The

---

[1] As its summary judgment brief indicates, International originally sought additional relief against Travelers. Travelers has since settled with International (Doc. No. 14) and dismissed its case as the other defendants (Doc. No. 16), therefore only International's cross-claims and third-party claim remain to be resolved through this motion.

interpretation of a contract is a question of law which is appropriate for summary judgment. Iowa Kemper Ins. Co. v. Stone, 269 N.W.2d 885, 887 (Minn. 1978). On a motion for summary judgment, the moving party bears the burden of demonstrating to the court that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). All evidence and inferences are to be viewed in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324.

This case involves an indemnity agreement executed by Cash N Check, Tran and D. Nguyen. Pursuant to that agreement, the indemnitors agreed to

> indemnify the Company [International] and hold it harmless against all loss, liability, costs, claim damages, and expense internal or external of whatever kind and nature including but not limited to investigative, accounting, engineering, the fee and disbursement of counsel, including costs and fees incurred by the Surety in enforcing the terms of the agreement, whether on salary, retainer, or otherwise which the Company may sustain or incur for or by reason of said Company writing said bond.

(Id., Exh. 6 at p. 2)(emphasis added).

The indemnity provision is clear and unambiguous and must be accorded its plain meaning. Carl Bolander & Sons Inc. v. United

Stockyards Corp., 215 N.W.2d 473, 476 (Minn. 1974). The plain meaning of this provision requires that Cash N Check, Tran and D. Nguyen indemnify International for any and all losses, costs and expenses incurred in connection with the issuance of the bond to them. Accordingly, International is entitled to summary judgment against the indemnitors in the amount of $22,861.05, plus interest and costs.

The indemnity provision also provides that the indemnitors shall be liable for all attorney fee incurred as a result of the issuance of the bond. International may submit its motion for attorneys fees to the magistrate judge for further consideration and ruling.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. International's motion for summary judgment is granted.

2. Judgment shall be entered in favor of International Business & Mercantile REassurance Company and against Cash N Check a/k/a Check N Cash, Phuong Tran a/k/a Phuong Ding Tran, individually and d/b/a Cash N Check a/k/a Check N Cash, and Dung Duc Nguyen in the amount of $22,861.05, plus interest, costs and attorney fees.

3. The appropriate amount of attorney fees shall be determined on separation motion before the magistrate judge.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 10, 2001

David S. Doty, Judge
United States District Court